### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JERRY AND ELLEN CLAIR,**<br><br>            **Plaintiffs,**<br><br>v.<br><br>**RODNEY KING d/b/a King Oil Operation d/b/a King Oil Operations,**<br><br>            **Defendant.** | **Case No.:  6:11-cv-01170-JWL-JPO** |

### STIPULATED PROTECTIVE ORDER

NOW, on this 19th day of March, 2012, the Court hereby enters a protective order pursuant to Fed. R. Civ. P. 26(c). This case presents a claim of securities fraud which may lead to discovery of Plaintiffs' financial records and bank statements which are ordinarily deemed confidential. For good cause shown, the Court orders that any such documents produced or disclosed during this litigation shall be used only for purposes of this lawsuit.

THE COURT FURTHER ORDERS:

1. Access to said financial records and bank statements designated by the producing party as "confidential documents" with a stamp of "confidential" shall be limited to the parties, their counsel, clerical and staff persons employed by counsel, expert witnesses, and the Court.

2. Use of such records shall be restricted to pretrial (e.g., depositions, summary judgment motions), trial, and appellate proceedings in this case.

3. In the event any party to this action disagrees with the designation of any information as confidential, the party challenging the propriety of a confidentiality designation must notify the other party of its challenge in writing within 30 days of receipt of the confidential materials. Failure by either party to object to the confidentiality designation within the time prescribed will

serve as a waiver of any subsequent objection. Within 14 days after receipt of the objection, the party asserting confidentiality of the information will respond and state its position in writing. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party seeking confidentiality of the information may apply for appropriate relief from this Court. The Court shall be permitted to conduct an in camera inspection of the confidential materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

4. Confidential documents may only be filed under seal upon separate, specific motion and later order of the Court. Notwithstanding the above, the parties may agree to file "Confidential" documents upon agreed-upon redactions and/or the parties may agree in writing to forego filing under seal altogether upon specified terms and conditions agreed to by the parties.

5. Within thirty (30) days after the conclusion of this litigation, all copies of the confidential documents produced under this Protective Order shall either be destroyed or returned to producing counsel.

6. The Court's jurisdiction to enforce this order terminates upon final disposition of the case. The parties may seek leave to reopen the case to enforce provisions of this order.

IT IS SO ORDERED.

    /s James P. O'Hara  
JAMES P. O'HARA  
UNITED STATES MAGISTRATE JUDGE

APPROVED:

WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC

/s Sean McGivern
Donald N. Peterson II, #13805 (dpeterson@withersgough.com)
Sean M. McGivern, #22932 (smcgivern@withersgough.com)
200 W. Douglas, Suite #1010
Wichita, Kansas 67202
Phone: 316-267-1562
*Attorneys for Plaintiffs*

KLENDA, MITCHELL, AUSTERMAN &
ZUERCHER, L.L.C.

/s Todd Shadid (with permission SMM)
Todd E. Shadid, #16615
*Attorneys for Defendant*